John J. Stahl,
*Referee.*

New Jersey Department of Labor,
Workmen's Compensation Bureau.

RUSSELL A. MITCHELL, PETITIONER, v. NATIONAL BEARING AND METAL COMPANY, INCORPORATED, RESPONDENT.

For the petitioner, *Samuel B. Weisenfeld.*

For the respondent, *Richard W. Baker.*

At the time of the trial of this case the petitioner testified in his own behalf and rested his case on that testimony. On behalf of the respondent, Mr. Wallace Histed and Mr. Fred

Gunterman were called to testify. After thoroughly going over the testimony in this case I find that the petitioner has failed to prove that he sustained an injury by accident arising out of and in the course of his employment on April 22d, 1929, as alleged. The petitioner claims that he was taking a tool to the blacksmith shop to be sharpened when the wind shut the door, and in putting up his hand to stop the same he cut his right wrist on the broken glass in the top part of the door. The respondent showed, however, that a thorough inspection of the blacksmith shop door and the surroundings disclosed no evidence of blood whatsoever, whereas at a window of the nearby factory building there was a pool of blood below the window and some blood on the broken glass of the window. It was admitted by the petitioner that his brother worked right inside the window, and that after the accident he went over to call his brother, but there was no blood either below the broken glass in the door of the blacksmith shop or between there and the window of the machine shop in the factory building, but there was blood found on the ground near the window of the machine shop. Further, the petitioner admitted that one pane of glass where his brother worked was broken the day before the accident, and stated that on the day of the accident he broke the other window in order to call to his brother. This does not seem plausible as it would not be necessary to break another glass when one was already broken.

\*    \*    \*    \*    \*    \*    \*

CHARLES E. CORBIN,
*Deputy Commissioner.*